.JOHN HEENAN, Appellant, v. THE NEW YORK, WEST SHORE AND BUFFALO RAILWAY COMPANY RESPONDENT.

*County Court — jurisdiction of, over domestic corporations — Code of Civil Procedure, secs. 340, 34:.*

The County Court of Albany county has no jurisdiction over an action brought against a railroad company incorporated under the provisions of the general act, where the principal place of business of the company is located in the city of New York, and the summons is there served upon one of the defendant's officers.

There being a want of jurisdiction as to the subject-matter, and not merely as to the party defendant, the defect is not cured by the appearance of the defendant and the service of an answer setting up the want of jurisdiction as a defense

APPEAL from an order of the County Court of Albany county, dismissing the complaint.

A motion having been made at the close of the trial for a dismissal of the complaint, the court reserved its decision and a verdict was rendered in favor of the plaintiff. Subsequently the court directed that the judgment entered on this verdict be set aside and the complaint be dismissed, with costs. The county judge delivered the following opinion:

Nott, Co. J. :

This is an action to recover damages for personal injuries, caused by defendant's negligence in operating its railway through Albany county.

The case was tried and submitted to the jury, which rendered a verdict for the plaintiff. The defendant now moves for a new trial, and that the complaint herein be dismissed. Two questions are presented for the consideration of the court: First. Whether the court has such jurisdiction as to entertain the action; and second, If it has not, has the defendant waived, or is it concluded from raising the point? The complaint alleges that the defendant is a domestic corporation under our laws, and is engaged in the business of carrying freight and passengers for hire in various parts of the State, including the county of Albany, and that a part of its line of road is located in this county. The answer of the defend-

ant admits that it is a domestic corporation, and avers that its principal place of business is and was, at and long before the commencement of this action, established by its articles of association and actually located in the city of New York; that its principal place of business never was established or located in the county of Albany, and that the summons was served upon defendant in the city of New York. It also puts in issue the various allegations in the complaint. On the trial it was established that the defendant, being a railroad corporation, operated its road through various counties of this State, including Albany county, and that by the articles of association, and in fact, its principal place of business is and was located in the city of New York, and that the summons herein was served upon one of the officers of the defendant in the city of New York.

Corporations created under the laws of this State are residents of the State, and an examination of the adjudications of our courts will show that their residence may be localized into one county or exist in many counties at the same time. For the purpose of ascertaining the place of venue in an action in the Supreme Court against a railroad company, any county in which it operates its road may be regarded as its residence. (*Pond* v. *H. R. R. Co.*, 17 How., 543.) So with reference to an action in the Justice's Court. (*Belden* v. *The N. Y. & H. R. R. R. Co.*, 15 How., 17; *Sherwood* v. *The S. & W. R. R. Co.*, 15 Barb., 650.) So with regard to highway labor. (*The People ex rel. H. R. R. R. Co.* v. *Pierce*, 31 Barb., 138.) So for the purpose of taxation. (*The People ex rel. B. & S. L. R. R. Co.* v. *Fredericks*, 48 Barb., 173; 48 N. Y., 70.) If there was no special provision in regard to the County Court, these authorities would control us and we should hold the action could be maintained against the defendant in this county.

The Code of Civil Procedure provides that for the purpose of determining the jurisdiction of the County Court, a domestic corporation or joint-stock association whose principal place of business is established, by or pursuant to a statute or by its articles of association, or is actually located within the county, is deemed a resident of the county, and personal service of a summons made within the county, as prescribed by the Code (§ 341), is sufficient. Our jurisdiction, therefore, by this provision, in the case of a domestic corporation,

depends first upon the location within our county of its principal place of business, whether by force of a special statute, or its articles of association, or its actual location; and secondly, upon personal serv ice of the summons within the county upon one of those of its officers who may be served, under the Code of Civil Procedure, with a summons in an action against it.

The provisions of the Constitution in reference to the County Court (art. 6, § 15) are broad enough to permit the legislature to confer this power upon the County Court, in cases of corporations doing business in the county, and that it is so is eminently proper to cover cases where large business enterprises are carried on within the county, and some of its chief officers are within the county, directing its important offices, although the principal office may be located in another county. (*Gemp* v. *Pratt*, 7 Daly, 197, distinguishing *Landers* v. *The S. I. R. R. Co.*, 53 N. Y., 450.)

Here the principal place of business of the defendant, by its articles of association and in fact, is located within the county of New York, and the summons was not served in this county. The conclusion reached is that this court has not jurisdiction over the defendant.

This brings us to the consideration of the second question: Has the defendant waived, or is it concluded from raising the objection? The plaintiff insists that the defendant having answered and appeared generally in the action, although by its answer it raised the issue of its residence, it cannot now say that it is a non-resident of the county, as the court could acquire jurisdiction of the defendant by the service of the summons upon a proper officer of the company within the county, which could not be done in the case of an individual.

I am of opinion that the allegations of the complaint as to residence were sufficient, and as the defect of which the defendant complained did not appear on the face of the complaint, he could not demur. (Code, § 488.) The objection to the jurisdiction was therefore properly taken by answer (Code, § 498; *Holbrook* v. *Baker*, 16 Hun, 176; *Mayhew* v. *Robinson*, 10 How., 162–5) and was not waived by appearance in the action and an answer therein setting up the objection. (*Sullivan* v. *Frasee*, 4 Robt., 620; *Wheelock* v. *Lee* 74 N. Y., 495, 498.)

In opposition to the rule at common-law, under the Code a defendant may plead as many defenses as he has, whether, as formerly denominated, to the jurisdiction in abatement, or in bar. (Code, § 507, *Sweet* v. *Tuttle*, 14 N. Y., 465.) It follows, therefore, that the general appearance of the defendant, distinctly by its pleading giving notice of its intention to raise the question of jurisdiction, is no waiver, nor does it conclude the defendant from insisting on the want of jurisdiction of this court. (*Landers* v. *The S. I. R. R. Co.*, 53 N. Y., 450; *Davidsburgh* v. *The Knickerbocker L. Ins. Co.*, 90 id., 526.) The cases cited by the plaintiff's counsel, *Paulding* v. *Hudson Manufacturing Company* (2 E. D. Smith, 38), *Ballard* v. *Burrowes* (2 Robt., 206), *Olcott* v. *Maclean* (73 N. Y., 223), do not apply to this case.

An order must be entered granting the motion of the defendant, and the complaint should be dismissed.

*Barnwell R. Heywood,* for the appellant.

*P. B. McLennan* and *Otto T. Bannard,* for the respondent.

BY THE COURT:

The opinion of the learned county judge is full and conclusive. We should not deem it necessary to add anything if it were not that the plaintiffs counsel has very strongly urged the point that the appearance of the defendant is a waiver of the objection to the jurisdiction. The county judge has taken the proper distinction. The question is not one of jurisdiction of the person of the defendant merely. It is one as to the limitation of the power of the County Court. In addition to the cases cited by the learned county judge, we may refer to the remarks of Judge GARDINER in *Burckle* v. *Eckhart* (3 N. Y., 132 at p. 137).

The order should be affirmed, with costs.

Present — LEARNED, P. J., BOCKES and LANDON, JJ.

Order dismissing complaint affirmed, with costs.